FILED
JAMES BOHINI
CLERK

**FEDERAL DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DISVISION**

'05 OCT 32 AM II: 03 (T.T.)

| | | |
|---|---|---|
| **JOHN DOE** | : | NO: **1: 05 C V 706** |
| 15 E. 8th Street, Suite 300 W | : | |
| Cincinnati, Ohio 45202 | : | J. DLOTT |
| | | J. BLACK |
| **Plaintiff** | : | |
| | : | |
| **Vs.** | : | |
| | : | |
| **BUTLER COUNTY BOARD OF** | : | |
| **MENTAL RETARDATION AND** | | |
| **DEVELOPMENTAL DISABILITIES** | : | |
| 155 Donald Drive | | |
| Fairfield, Ohio 45014 | : | |
| | | |
| **Defendant** | : | |
| | | |
| Serve Also: | : | |
| | | |
| **BUTLER COUNTY PROSECUTOR** | : | |
| 315 High Street, 11th Floor | | |
| Hamilton, Ohio 45011 | : | |

---

## COMPLAINT WITH JURY DEMAND ENDORSED HEREON

Comes now the Plaintiff, John Doe, by and through counsel, and for his Complaint against the Defendant hereby states as follows:

1. At all times relevant herein and prior to September 1, 2005, Plaintiff, John Doe, was an employee with the Butler County Board of Mental Retardation and Developmental Disabilities (hereinafter "Board").

2. On or about the 27th of July, 2005, Plaintiff was confronted by agents of the Defendant in regard to assertions that he had consumed alcoholic beverages during his scheduled work time.

1

3.  Defendant has asserted that this is in violation of the Board's policies in place at that time.

4.  At the same time and place, Plaintiff indicated to the agents of the Defendant that he had a significant alcohol problem and requested help.

5.  Agents of the Defendant provided Plaintiff with an intervention specialist and sent the Plaintiff home on leave.

6.  On July 28, 2005, Plaintiff receive a pre-disciplinary hearing notice regarding the aforementioned assertions.

7.  On August 3rd, 2005, a pre-disciplinary conference was held by the Defendant with the Plaintiff present.

8.  By a memorandum dated August 9th, 2005, a Hearing Officer for the Board, informed the Superintendent for the Board, that Plaintiff had specifically informed the Board in said hearing that he was an alcoholic and further confirmed that the Defendant, through its agent had provided the Plaintiff with a reference for counseling and rehabilitation.

9.  In the aforementioned recommendation, the Defendant utilized Board policies in forming its conclusion and recommendation to remove the Plaintiff from employment.

10. On August 10, 2005, the Superintendent concurred with such a conclusion.

11. The Plaintiff was discharged on September 1, 2005, pursuant to a letter sent by Supervisor on August 22, 2005.

12. The Defendant failed to make any reasonable accommodation for Plaintiff's disability.

13.    Prior to discharge, the Plaintiff had completed an in-patient intervention and was ready, willing and able to return to work.

14.    Plaintiff requested to return to work on the 18th day of August, 2005.

15.    The Defendant Board refused to permit the Plaintiff to return to work.

## COUNT ONE

## AMERICAN WITH DISABILITIES ACT

16.    Plaintiff incorporates herein, as if fully rewritten, all of his allegations contained in paragraphs 1 through 15.

17.    The Defendant Board has violated the Americans With Disabilities Act of 1990.

18.    The Defendant Board is an "Employer" pursuant to said Act as it has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or proceeding or calendar year and does not qualify for any exceptions thereunder.

19.    Plaintiff is a "qualified individual with a disability" as he is an alcoholic who is qualified to perform the essential functions of the employment position for which he was hired by the Defendant.

20.    The Defendant has discriminated against the Plaintiff, a qualified individual, with a disability due to his disability.

21.    The Plaintiff was discharged for consuming alcoholic beverages during work hours.

22.    The Plaintiff was not found to be under the influence of alcohol at the time of Defendant's confrontation with Plaintiff at the work place.

23. The report of the Hearing Officer did not conclude that he was under the influence of alcohol at the time.

24. Said violation of law directly and proximately caused damage to the Plaintiff.

25. The Plaintiff is entitled to punitive damages.

26. The Plaintiff is entitled to attorneys' fees.

**COUNT TWO**

**SECTION 504 – REHABILITATION ACT**

27. The Plaintiff incorporates, as if fully rewritten herein, all of his allegations contained in paragraphs 1 through 26.

28. Upon information and belief, the Defendant received Federal financial assistance for its programs or activities.

29. The Defendant Board has violated the Rehabilitation Act of 1973 denying U.S.C. §701 et seq.

30. Said violation of law directly and proximately caused damage to the Plaintiff.

31. The Plaintiff is entitled to punitive damages.

32. The Plaintiff is entitled to attorneys' fees.

**COUNT THREE**

33. Plaintiff incorporates as if fully rewritten herein all of his allegations contained in paragraphs 1 through 32.

34. Defendant has violated Ohio Revised Code §124.

35. Said violation of law directly and proximately caused damaged to the Plaintiff.

36. The plaintiff is entitled to punitive damages.

37. The Plaintiff is entitled to attorneys' fees.

4

## COUNT FOUR

### PROMISSORY ESTOPPEL

38.   Plaintiff adopts all of his allegations contained in paragraphs 1 through 37 as if fully rewritten herein.

39.   Defendant is liable to the Plaintiff under a theory of Promissory Estoppel.

40.   Defendant is promissorily estopped from discharging the Plaintiff under the Law of the State of Ohio due to the assurances of compliance with ADA as embodied in the Defendant's Employee Handbook and/or its policies.

41.   Defendant is promissorily estopped from discharging the Plaintiff under its own disciplinary policies in regard to situations such as that with the Plaintiff.

42.   Defendant is promissorily estopped from discharging the Plaintiff under its own policies as it has not treated same or similar cases such as the Plaintiffs in the same fashion.

43.   The discharge of the Plaintiff from employment violated the provisions and assurances embodied in the Defendant's Employee Handbook and/or its policies.

44.   Said discharge has directly and proximately caused damage to the Plaintiff.

45.   Said discharge was an intentional, willful and/or wanton act.

46.   Plaintiff is entitled to punitive damages.

47.   Plaintiff is entitled to attorneys' fees.

## COUNT FIVE

## IMPLIED CONTRACT

48.   Plaintiff incorporates all of his allegations contained in paragraphs 1 through 47
      of the Complaint as if fully rewritten herein.

49.   The Defendant is liable to the Plaintiff under a theory of implied contract.

50.   The Defendant published its employee handbook and/or policies with the intent
      to embody the character of employment, custom, course of dealing between the
      employer and employee and/or company policy.

51.   The embodiment of that Employee Handbook is the explicit and/or implicit
      terms concerning the employee relationship and discharge thereunder.

52.   The Defendant has made an explicit and/or implicit assurance of progressive
      discipline.

53.   The reason for Plaintiff's discharge, cited by the Defendant, does not appear in
      their list of offenses which warrant immediate discharge.

54.   The situation upon which the Defendant relied in discharging the Plaintiff is not
      of a nature or kind that warranted such action.

55.   The violation was not severe.

56.   The violation was pursuant to a significant disability.

57.   The violation did not involve a pattern of improper use or disclosure or
      protected health information.

58.   The conditions of the Plaintiff's employment were governed by the custom,
      course in dealing, past practice, personal policy, general policies and/or

6

representations the Defendant embodied within its policies, its practices and handbooks.

59.     The discharge of the Plaintiff from employment violated the provisions of the Employee Handbook as enforced by the Defendant, themselves, and their established customs, practices and policies.

60.     The Defendant's failure to abide by its policies violated the explicit and implicit terms concerning the employee relationship and discharge.

61.     The Defendant's failure to abide by the foregoing directly and proximately caused damage to the Plaintiff.

62.     The Plaintiff is entitled to punitive damages.

63.     The Plaintiff is entitled to attorneys' fees.

## COUNT SIX

## WRONGFUL DISCHARGE

64.     Plaintiff incorporates all of his allegations contained in paragraphs 1 through 63 as if fully rewritten herein.

65.     The Defendant is liable to the Plaintiff under a theory of wrongful discharge in violation of public policy.

66.     A clear public policy exists in the Federal Government's embodiment of the Americans With Disabilities Act, the Rehabilitation Act and/or Ohio Revised Code 124.34 (Reduction in Pay or Position – Suspension – Removal) and 124.385 (Disability Leave Benefits).

7

67.    Further, clear public policy exists in maintaining the ability of an employee to reasonably rely upon the Employee Handbook and promises that employers make.

68.    The Defendant's dismissal of the Plaintiff jeopardizes that public policy.

69.    To dismiss employees under circumstances such as those that provide the basis for this suit jeopardizes public policy.

70.    The Plaintiff's dismissal was motivated by conduct related to the aforementioned public policy.

71.    The Defendant lacked an overriding legitimate business or governmental justification for the dismissal.

72.    The Defendant's wrongful discharge in violation of public policy directly and proximately caused damage to the Plaintiff.

73.    The Plaintiff is entitled to punitive damages.

74.    The Plaintiff is entitled to attorneys' fees.

**WHEREFORE**, due to the fact that the Defendant, Board, has committed the aforementioned acts and breaches of statutory and common law in the discharge of the Plaintiff, said discharge directly and proximately jeopardizes public policy and as well has caused damage to the Plaintiff, Plaintiff hereby demands judgment in excess of $25,000.00 for said damage, court costs, attorneys' fees, punitive damages and all other relief including any statutory remedies which this Court deems just and appropriate.

Plaintiff further requests a trial by jury.

8

Respectfully submitted,

McINTOSH & McINTOSH

By

Michael Todd McIntosh
Reg. #0013525
Attorney for Plaintiff
15 E. 8th Street, Suite 300 W
Cincinnati, Ohio 45202
513-929-4040

## TO THE CLERK

Please issue certified mail service on the Defendant at:

**BUTLER COUNTY BOARD OF
MENTAL RETARDATION AND
DEVELOPMENTAL DISABILITIES
155 Donald Drive
Fairfield, Ohio 45014**

**Serve Also:**

**BUTLER COUNTY PROSECUTOR
315 High Street, 11th Floor
Hamilton, Ohio 45011**