

FEDERAL DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE<br>15 E. 8th Street, Suite 300 W<br>Cincinnati, Ohio 45202 | :<br>:<br>: | NO: **1:05 CV 706**<br>J. DLOTT |
| Plaintiff | : | J. BLACK |
| Vs. | : | |
| BUTLER COUNTY BOARD OF<br>MENTAL RETARDATION AND<br>DEVELOPMENTAL DISABILITIES<br>155 Donald Drive<br>Fairfield, Ohio 45014 | :<br><br>:<br><br>: | |
| Defendant | : | |
| Serve Also: | : | |
| BUTLER COUNTY PROSECUTOR<br>315 High Street, 11th Floor<br>Hamilton, Ohio 45011 | :<br><br>: | |

## MOTION FOR PROTECTIVE ORDER

Comes now Plaintiff, John Doe, by and through counsel and respectfully requests this Court to issue a preliminary protective order permitting the Plaintiff to use the pseudonym "John Doe" in place of his real name in all records and proceedings in the within matter, including correspondence and discovery matters. Further, that all records in relation to the name of the Plaintiff be held confidential and that the Plaintiff's confidentiality be globally protected. The reasons for this request is more fully set forth in the Memorandum below.

1

Respectfully submitted,

McINTOSH & McINTOSH

By: _____
Michael Todd McIntosh
Reg. #0061523
Attorney for Plaintiff
15 E. 8th Street, Suite 300 W
Cincinnati, Ohio 45202
513-929-4040

**MEMORANDUM**

It is recognized by the Plaintiff under U.S.C Rule 10(a) that the Complaint shall include the names of all of the parties. Yet, U.S.C. Rule 65(b) sets forth the parameters for granting a "Protective Order". John Doe requests the preservation of his privacy and this alternative identification in light of the fact that the allegations contained in the Complaint filed herein could cause irreparable injury, loss and damage to his present and future capacity for employment in his field.

The allegations in this Complaint are that John Doe was a mental health services coordinator for the Defendant, Butler County Board of Mental Retardation and Developmental Disabilities. Positions in this field are significantly limited in number. There are but a few private entities that employ persons such as he and, other than the incredibly small private sector, there are only the neighboring counties, Montgomery, Hamilton, Clermont and Warren, to which he could even make application for employment. To date, Plaintiff has filed applications for employment in an attempt to mitigate his damages. Publicity of the underlying facts of this case have a propensity to cause irrevocable harm due to the assertion by the Plaintiff that he is a recovering

2

alcoholic and the assertions of the Defendants that he was fired due to consuming alcohol during working hours. Such information in the public forum could cause irreparable injury to his capacity to find gainful employment now and in the future. Such facts, other than being involved in a public forum such as this, would be privileged medical concerns and would not be readily available to prospective employers under the Americans With Disabilities Act. Furthermore, permitting such anonymity would alleviate any chilling effect that claimants, similarly situated, may have in bringing such private concerns before the Court due to the violations of law by employers.

It is recognized that in order for the defense to conduct discovery and defend the suit that identification of the Plaintiff would be necessary in such regard. It is suggested that such information may be shared on a strictly confidential basis with the defense and that counsel for both sides work together to preserve the anonymity of the Plaintiff. Such anonymity, in and of itself, with the sharing of information in a confidential manner would not affect the defendant's capacity to defend the claim or cause undue hardship to the defense.

Nor would preservation of the privacy interest and anonymity of the Plaintiff be outweighed by the interest of the public. The public's need to know in regard to actions such as this do not involve the need to know the identity of the Plaintiff. The interest of the public wise in the outcome of this case, whether Plaintiff or the Defendant and its affect, if any, upon the body of law that addresses the issues raised. Nor is Plaintiff an individual of interest to the public at large in any regard.

WHEREFORE, it is respectfully requested that this Court issue an order that the Plaintiff's name and identity, including any references to his address, date of birth and

social security number, or any other manner of identification, be held confidential among the parties and that no other mention thereof be made upon the record or during the conduct of the case at bar.

>Respectfully submitted,
>
>McINTOSH & McINTOSH
>
>By _____
>Michael Todd McIntosh
>Reg. #0061523
>Attorney for Plaintiff
>15 E. 8th Street, Suite 300 W
>Cincinnati, Ohio 45202
>513-929-4040

## TO THE CLERK

Please issue service of the foregoing upon the Defendants, together with the Complaint filed herein at their last known address of:

Butler County Board of Mental Retardation
And Developmental Disabilities
155 Donald Drive
Fairfield, Ohio 45014

And

Butler County Prosecutor
315 High Street, 11th Floor
Hamilton, Ohio 45011

_____

4