ID:051106memooppo

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JOHN DOE | CASE NO. 1:05 CV 706 |
| Plaintiff | |
| vs. | |
| BUTLER COUNTY BOARD OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES | **DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** |
| Defendant | |

For the reasons set forth herein, defendant opposes plaintiff's request to proceed anonymously in this matter.

This case is no different than any other disability discrimination claim wherein a plaintiff must disclose personal information regarding his or her disability in the course of public proceedings. Plaintiff has set forth no reason why he should be treated differently than any other adult plaintiff with respect to the general proposition that litigation is a matter of public knowledge. Indeed, under the circumstances of this plaintiff's employment, there is even less reason for anonymity than might exist under other circumstances.

The Butler County Board of Mental Retardation and Developmental Disabilities is a governmental entity. ORC §5126.02. As such, its employees are public employees, and their personnel files are accessible to any member of the public who wishes to see them. Under Ohio's Open Records Act, no person can be denied access to such records, and the employer

may not require the requesting person to identify his or her reasons for making the request. ORC §3149.43.

Since all of the plaintiff's employment records are public, including all the records which refer to his removal, the basis for his removal, his notice of appeal to the State Personnel Board of Review, that Board's decision, and all matters submitted in support of and opposition to his appeal, he obtains no significant protection from embarrassment by proceeding anonymously herein.

Moreover, because of the public nature of the plaintiff's records, any prospective employer will have the same access as a member of the general public, and will obtain all of this information simply by asking. Again, there is no advantage to plaintiff, and no significant reason why this lawsuit should not be as public as every other lawsuit.

Accordingly, plaintiff's motion for protective order must be denied, and his name must be revealed on the Complaint and all subsequent pleadings.

               Respectfully submitted,

               /s/ R. Gary Winters
               R. Gary Winters  0018680
               Ian R. Smith 0068195
               Attorneys for Defendant
               McCASLIN, IMBUS & McCASLIN
               Suite 900 Provident Bank Building
               632 Vine Street
               Cincinnati, OH  45202-2442
               (513)  421-4646 Telephone
               (513) 421-7929 Facsimile
               rgwinters@mimlaw.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 11th day of January, 2006 , a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ R. Gary Winters  
R. Gary Winters   0018680  
Ian R. Smith 0068195  
Attorneys for Defendant  
Suite 900 Provident Building  
632 Vine Street  
Cincinnati, OH 45202-2442  
(513) 421-4646 Telephone  
(513) 421-7929 Facsimile  
rgywinters@mimlaw.com  
irsmith@mimlaw.com
